The decision below is signed as a decision of the court.

Signed: November 09, 2007.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re ) | |
| ) | |
| MICHAEL A. LESICK, ) | Case No. 03-00038 |
| ) | (Chapter 7) |
| Debtor. ) | |
| _____ ) | |
| ) | |
| REHABILITATED INNER CITY ) | |
| HOUSING, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Adversary Proceeding No. |
| v. ) | 05-10075 |
| ) | |
| MAYOR AND CITY COUNCIL OF ) | **NOT FOR PUBLICATION IN** |
| BALTIMORE CITY, *et al.*, ) | **WEST'S BANKRUPTCY REPORTER** |
| ) | |
| Defendants. ) | |

<u>DECISION RE ORDER TO SHOW CAUSE</u>

No adequate response has been filed regarding this court's order issued on September 12, 2007, directing the parties to show cause why this adversary proceeding ought not be dismissed, and a judgment of dismissal will follow.

On June 15, 2006, the court entered a scheduling order setting January 30, 2007, as the deadline for pretrial statements, and February 20, 2007, as the pretrial conference

date. On July 19, 2006, the court entered an order (Docket Entry No. 107) that dismissed most of the plaintiff's claims in this proceeding. (An appeal was taken, but the order was an interlocutory order (appealable only in the discretion of the district court), and not a final appealable order under Rule 54.) The plaintiff apparently did not view the remaining claims to be worth pursuing as the plaintiff filed no pretrial statement by the due date of January 30, 2007. The pretrial conference of February 20, 2007 (set by the court's scheduling order of June 15, 2006) was continued on the record to September 5, 2007 (Docket Entry No. 107), but no one appeared on September 5, 2007.

That resulted in the court's order to show cause why the proceeding ought not be dismissed as to the remaining claims. More than a month has elapsed since that order was issued, giving the plaintiff more than adequate time to show cause. No response has been filed through an attorney who is a member of the bar of this court. Instead, an officer of the plaintiff filed a motion on October 2, 2007, requesting more time to respond to the order to show cause, and stating that the plaintiff needs time to secure replacement counsel.

That motion properly can be stricken as a corporation may only appear through counsel. Moreover, the officer acknowledges that plaintiff made only one inquiry of counsel regarding this case for over a year, an inquiry to which no response was

2

received.  That should have set off alarm bells in the officer's mind, warning him that something was amiss.  Pretrial statements were to be filed by January 30, 2007, but were not, and yet the plaintiff had not exercised sufficient diligence to even ascertain that this procedural default existed in the case and had continued to exist for over seven months.  Moreover, the officer acknowledges that on September 12, 2007, the plaintiff was advised by "local counsel" to obtain replacement counsel.  Presumably the court's order to show cause was mentioned at that time, as the officer does not state any other way in which he learned of the order to show cause.  Yet, as of this date, more than a month after the issuance of the order to show cause, and after the advice to obtain new counsel, no new counsel has entered an appearance to speak on the plaintiff's behalf.  Nor does local counsel's advice to obtain new counsel constitute an excuse for lack of a proper response to the order to show cause.  Plaintiff's local counsel has an obligation to represent the plaintiff's interest in these proceedings, and until his appearance is withdrawn, that obligation persists.

In the circumstances, the plaintiff has not showed good cause for allowing this adversary proceeding to remain pending as to the claims not already dismissed.  Accordingly, I will issue a final judgment, dismissing the claims not yet dismissed by prior order as well as those already dismissed, dismissing the

adversary proceeding in its entirety, and thereby concluding this adversary proceeding.  The plaintiff may then take an appeal from the final judgment.

[Signed and dated above.]

Copies to: All counsel of record.